Date signed April 16, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| **In Re:**<br><br>**Vijay Kumar Sangar,**<br><br><br>        **Debtor.** | **Case No. 05-27045PM**<br>**Chapter 7** |

## MEMORANDUM OF DECISION

Despite the absence of objections from any interested party and from the Office of the United States Trustee, the court held a hearing on April 15, 2008, on the "First and Final Application for Approval of Compensation of Trustee's Counsel for August 2005 Through August 2007." This extraordinary hearing was triggered by the fact that of the total receipts reported by the Trustee, nearly 89% is to paid over to her and to her law firm for services rendered.

In the course of the hearing, the Trustee explained the unusual difficulties encountered in the administration of this case caused largely by the sloppiness in the preparation of the Schedules by the Debtor's counsel and by his failure to produce accurate information that caused unproductive and needless work on the part of the Trustee, her counsel and staff. One example given by the Trustee of this lack of cooperation was the scheduling of two properties with the address shown as "Waynesville, MD 65583" that is said to have caused the Trustee's counsel to search the state of Maryland for their location. From the zip code given for the properties, it is readily ascertainable that these properties are in Missouri. It must be observed as well that despite the relatively insignificant distribution to the unsecured creditors, that the two largest creditors holding more than 90% of the claims against the Debtor entered into agreements with him, one in the form of an

agreement settling an 11 U.S.C. § 523(a)(2) adversary proceeding.  These creditors participated fully in this case and expressed no dissatisfaction with the administration of the case by the trustee.

In passing, the court will comment on the billing statements as to the non-descriptive entries made by the Trustee and the firm's failure to show discretionary adjustments particularly as to the time expended by a lawyer acting as a law clerk and who is billed at $200.00 to $210.00 an hour.

The Trustee's time entries lacked any meaningful description and do not enable the court to judge the reasonableness of the charges.  Entries such as:  "[c]alls, letters, new matter, landlord" billed on August 12, 2005, for $283.50, and "Vijay Sangar - review files - open issues, etc. outline lift stay response, etc." billed on September 7, 2005, for $315.00 exemplify the court's observation.  Other entries are non-descriptive.  For example, the charge for Lexis research of more than $2,000.00 is unaccompanied by any explanation of the subject of inquiry.

Further, the court finds that the five hours said to be devoted to the two and one-half page Objection to Debtor's Exemptions (#24) is excessive, particularly in view of the failure to pick-up the obvious mis-description of the Missouri property.  Of a similar nature is the one hour charged for preparation of a motion to extend the time to file a complaint to object to the Debtor's discharge (#30), a motion filed in hundreds of cases by panel trustees and a task requiring no more than a quarter hour.

Because of the arguments espoused by counsel for the Trustee at the hearing, including the voluntary reduction in the firm's compensation request taken in the exercise of billing judgment, the court will allow the compensation sought.

An appropriate order will be entered.

cc:    Debtor
       Debtor's Counsel
       Chapter 7 Trustee
       Chapter 7 Trustee's Counsel
       United States Trustee

**End of Memorandum**